# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID BRIAN MORGAN,<br>MILES ALLEN,<br>WARREN STEWART,<br>KAMERON VICKERS,<br>ERNEST DRAPER,<br>ROBERT ABUAN,<br>ERNEST MONCADA,<br>JONATHON GRAHAM,<br>STEVEN GLEN CRADDOCK,<br>CLEVE BILLINGS,<br>BRIAN CASH,<br>JAMES SATTERLEE,<br>ERIC LUCAS,<br>MARK SHEMM, and<br>GARY SOUTHLAND,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-20-494-D |

## ORDER TO CURE DEFICIENCIES

The Court is in receipt of the civil rights complaint Plaintiffs, proceeding pro se, have tendered in the above referenced matter. Doc. 1. Plaintiffs state in the complaint that they are all Oklahoma prisoners in the custody of the Oklahoma Department of Corrections and housed at the Joseph Harp Correctional Center in Lexington, Oklahoma. *See* Doc. 1, at 1, 6. They assert, among other things, that "during the recent COVID-19 pandemic, the State of

Oklahoma allowed a guard and a nurse to work" at their facility and authorities did not follow proper quarantine protocol because more than one prisoner is housed in each cell. *See* Doc. 1, at 1-2.[1] Although purportedly filed as a joint action, only one named Plaintiff, David Brian Morgan, signed the complaint and submitted a "Pauper's Affidavit."[2] *See* Docs. 1, 2.[3] Both documents are deficient under the Federal Rules of Civil Procedure, this Court's Local Rules, and the Prison Litigation Reform Act, 28 U.S.C. § 1915. Those deficiencies must be cured before this action may proceed.

## I.   Multi-plaintiff litigation.

The Federal Rules of Civil Procedure do not generally prohibit plaintiffs from jointly bringing their claims in a single lawsuit. S*ee* Fed. R. Civ. P. 20(a)(1). That said, "joint litigation does not relieve prisoners of any duties

---

[1]   Plaintiffs do not allege that any of them have either tested positive for COVID-19 or fallen ill during this pandemic.

[2]   The affidavit is dated August 22, 2019. *See* Doc. 2.

[3]   Plaintiffs also seek to file a class action lawsuit on behalf of "25,000 Oklahoma inmates." *See* Doc. 1, at 1. Pro se litigants, however, have no authority to represent anyone other than themselves. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." (internal quotation marks and citations omitted)). The Court will not construe this action at this point as a class action suit. *See* Fed. R. Civ. P. 23(a)(4) (court may not certify a class unless it determines that "the representative parties will fairly and adequately protect the interests of the class").

under the [PLRA]."  *Boriboune v. Berge*, 391 F.3d 852, 854 (7th Cir. 2004).

Thus, the Court must advise the Plaintiffs of the consequences of proceeding

in a joint action and "give them an opportunity to drop out."  *See id.* at 856

(noting district court "may think it sound to alert prisoners" to the various

pitfalls of joint litigation).

### A.    Each Plaintiff is responsible for payment of the full filing fee.

Each Plaintiff in this action is required to pay a full civil filing fee, just

as if he had individually filed this suit.  *See* 28 U.S.C. § 1915(b)(1) ("[I]f a

prisoner brings a civil action . . ., the prisoner shall be required to pay the full

amount of a filing fee.").  Although the Tenth Circuit Court of Appeals has had

"no occasion to decide whether the PLRA permits multi-plaintiff actions," it

has required, "at a minimum," that each plaintiff file a motion for leave to

proceed . . . without prepayment of costs or fees."  *Woodruff v. Wyoming*, 49 F.

App'x 199, 202 & n.1 (10th Cir. 2002) (citing 28 U.S.C. § 1915); *see also Hagan

v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009) ("The plain language of § 1915(b)(1)

can be read in complete harmony with Rule 20 by requiring each joined

prisoner to pay the full individual fee."); *Boriboune*, 391 F.3d at 856 ("Section

1915(b)(1) . . . specifies a per-litigant approach to fees.").

None of the Plaintiffs here have either paid the full $400.00[4] filing fee in accordance with 28 U.S.C. § 1914 and LCvR3.2 or submitted a *proper* motion for leave to proceed in forma pauperis in accordance with § 1915(a)(2) and LCvR3.3. *See Pinson v. Whetsel,* No. CIV-06-1372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) (PLRA "would require each plaintiff to pay the $350.00 filing fee even if he were to qualify for pauper status."). This deficiency must be cured by each Plaintiff either separately paying the filing fee or by filing a separate motion to proceed in forma pauperis before this action may proceed.

Plaintiffs are reminded that they must **each** submit with their motion to proceed in forma pauperis "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . ., obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

The Clerk of Court is directed to send each Plaintiff the necessary IFP forms to comply with the Court's Order.

---

[4]     The filing fee is $350.00. *See* § 1914(a). In addition, an administrative fee of $50.00 must be paid. *See Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

**B.     Each Plaintiff must sign the complaint and every pleading filed in the case.**

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."  Fed. R. Civ. P. 11(a).  "The court must strike an unsigned paper unless the submission is promptly corrected after being called to the . . . party's attention."  *Id.*

Only one Plaintiff, Mr. Morgan, signed the hand-written complaint filed in this matter.  *See* Doc. 1, at 6.  Under Rule 11(a), each Plaintiff purporting to join this action must sign the complaint before this action may proceed.  *See Boriboune*, 391 F.3d at 855 ("Rule 11 requires all unrepresented plaintiffs to sign the complaint, and the signature conveys all of the representations specified by Rule 11(b) for the entire complaint.").

Plaintiffs are reminded that a

> prisoner litigating on his own behalf takes the risk that one or more of his claims may be deemed sanctionable under Fed. R. Civ. P. 11, or may count toward the limit of three weak [in] forma pauperis claims allowed by [28 U.S.C.] § 1915(g).  **A prisoner litigating jointly under Rule 20 takes those risks for all claims in the complaint, whether or not they concern him personally**.

*Id.* (emphasis added).  That means that if this joint action is dismissed because it is deemed frivolous or malicious or the Court finds it fails to state a claim upon which relief may be granted, each Plaintiff would be assessed a strike

under § 1915(g).[5] *See, e.g., Hagan*, 570 F.3d at 156 ("If a plaintiff desires to join with other prisoners, he could face the prospect of being responsible for the strikes of other."). That also means that each Plaintiff who signs the complaint takes the risk under Rule 11 that they will be held accountable for their Co-Plaintiffs' potentially sanctionable claims.

The Clerk of Court is directed to send Plaintiff Morgan a copy of this Court's civil rights complaint form to cure this deficiency. The re-filed complaint must contain an *original* signature from each Plaintiff.

## II.     Time limit for curing deficiencies and to drop out of the case.

Plaintiffs are ordered to cure the deficiencies designated above within twenty-one days of this Court's Order, or **by June 26, 2020**. Failure to fully comply with this Order may result in the dismissal of this action. Any Plaintiff who desires to discontinue his participation in this joint action may so notify the Court **in writing by this same date**, without incurring any costs or fees.

---

[5]     As explained in *Boriboune*, section 1915(g) "limits to three the number of IFP complaints or appeals that were dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 391 F.3d at 855 (internal quotation marks omitted). "This language refers to the complaint or appeal as a whole; thus when any claim in a complaint or appeal is frivolous, malicious, or fails to state a claim upon which relief may be granted, all plaintiffs incur strikes." *Id.* (internal quotation marks omitted).

If Plaintiffs desire to continue this litigation as a group, any complaint, motion, or other document filed on behalf of multiple Plaintiffs must be signed by each Plaintiff.  Plaintiffs are warned that the Court will strike any future group motion or pleadings that do not comply with this requirement.

The Clerk of Court is directed to send a copy of this Order to each Plaintiff.

**IT IS SO ORDERED** this 5th day of June, 2020.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE